(No. 24—Claimant awarded $10,009.39.)

MORRIS & COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

QUARANTINE—*re-hearing. Claim allowed. Social justice and equity.* The court upon reconsideration of the case enters an award in favor of claimant on the ground of social justice and equity.

MORRIS & COMPANY, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This case comes before the court again, on a motion to reopen above captioned case, and reconsider the former decision

rendered as of September 17, 1923, in which the court held that the Statute of Limitations had run against said Morris and Company as of November 18, 1924, and that as a matter of fact, the Statute of Limitations started to run as of December 19, 1921, the company received $10,009.39 from the Federal November 18, 1914, Morris and Company a corporation, owned 8,714 range feeder cattle at their distillery barns at Peoria, Illinois, which cattle were, on that day, quarantined by Dr. O. E. Dyson, State Veterinarian, pursuant to an Act in relation to the suppression and prevention of contagious or infectious diseases among domestic animals, approved June 14, 1909, in force July 1, 1909, L. 1909, page 8; that 952 of these cattle were slaughtered and tanked, and the company by an appropriation of the 49th General Assembly, Laws of 1915, page 131, received $38,032.40, after a similar amount had been paid to the company by the Federal Government; on December 19, 1921, the company received $10,009.39 from the Federal Government, being one-half of the loss as determined by the Federal Government on the 7762 remaining cattle ordered slaughtered, and that on September 13, 1922, the company filed its petition in the Court of Claims in the State of Illinois, asking that its claim of $10,009.39 be approved.

The Attorney General of the State of Illinois has filed an answer stating that the Statute of Limitations began to run against claimant on December 19, 1921.

In view of the stand taken by the Attorney General of the State of Illinois, and upon reconsideration of the facts in the case and the law, we believe that claimant is entitled to recover from the State of Illinois the amount claimed, and we, on the grounds of equity and social justice, award claimant the sum of $10,009.39.